**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAURA NWAIGBO,

Plaintiff,

v. CASE NO: 8:26-cv-02728

REHAB. & HEALTHCARE OF TAMPA, INC.,

Defendant.
______________________________/

**COMPLAINT AND JURY DEMAND**

Plaintiff, LAURA NWAIGBO, (hereinafter "Ms. Nwaigbo" or "Plaintiff") by and through the undersigned counsel, sues Defendant, REHAB. & HEALTHCARE OF TAMPA, INC. (hereinafter "R&H" or "Defendant") and alleges in support:

**JURISDICTION AND VENUE**

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760.10, Florida Statutes ("FCRA") for discrimination based on race, color, and national origin, and in retaliation for engaging in a protected activity.

2. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. §§ 1331 and 1334.

3. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 USC § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

5. Plaintiff, LAURA NWAIGBO, is an African American female who resides in Hillsborough County, Florida, located in the Middle District of Florida.

6. Defendant, REHAB. & HEALTHCARE OF TAMPA, INC., is a For Profit Company whose headquarters is located at 7819 N. Dale Mabry, Suite 100, Tampa, Florida 33614.

7. Defendant also operates a branch located at 4411 N Habana Avenue, Tampa, Florida 33614, at which Plaintiff worked.

8. At all times material, Plaintiff was an employee of Defendant, REHAB. & HEALTHCARE OF TAMPA, INC.

9. Plaintiff has satisfied all conditions precedent to filing this claim.

## GENERAL ALLEGATIONS

10. Laura Nwaigbo is an African American female of Nigerian descent.

11. In and around January 2023, Rehab & Healthcare of Tampa, Inc. ("R&H") hired Ms. Nwaigbo to work as a RN Nursing Supervisor.

12. Ms. Nwaigbo's duties consisted of overseeing the nurses and CNAs, ensuring protocols were followed, following care plans, and following up with physicians regarding medication and diagnostic orders.

13. In and around February 2024, R&H hired Sree Chirayath (Indian male) to the role of Administrator.

14. From the time Mr. Chirayath started working at R&H, he deliberately subjected Ms. Nwaigbo and her African American counterparts to a hostile work environment based on her race, color, and national origin.

15. In and around December 2024, Ms. Nwaigbo ordered a specialty mattress for a patient based on the patient's clinical needs. In response, Mr. Chirayath issued Ms. Nwaigbo a final write-up for not notifying him before she ordered the mattress even though he had never told her that needed to ask for permission before this event. Notably, Mr. Chirayath insisted on making this a final write-up even though Ms. Nwaigbo had no prior write-ups or disciplinary actions.

16. Following the incident in December 2024, Mr. Chirayath increased his hostile behavior toward Ms. Nwaigbo by verbally abusing her more frequently, intimidating and threatening her, and making false complaints about her to expose her to disciplinary action.

17. On May 26, 2025, Ms. Nwaigbo complained to Corporate HR about Mr. Chirayath's hostility toward her and his false complaints against her because of her race, color, and national origin. However, HR did not investigate or otherwise address Ms. Nwaigbo's allegations against Mr. Chirayath.

18. On June 16, 2025, Mr. Chirayath attempted to write Ms. Nwaigbo up for an incident that had nothing to do with her. Specifically, Ms. Nwaigbo had instructed Angel Naranjo (Hispanic Nurse) to change the wound dressing on a new admissions patient. Mr. Naranjo did not listen to Ms. Nwaigbo's instructions and failed to change the patient's dressing. Brittany Stone (11 to 7 RN Nursing Supervisor) and Mariane Casa (11 to 7 Hispanic Nurse) had also treated this patient and failed to change the patient's wound dressing. Despite this, Mr. Chirayath only wanted to write Ms. Nwaigbo up for the incident and did not want to reprimand Mr. Naranjo, Ms. Stone, or Ms. Casa—the nurses who had actually failed to change the patient's dressing.

19. In and around August or September 2025, Jean Reyes (Risk Manager) asked Ms. Nwaigbo to go to the Admissions Office and print a document for her patient while she was out of the office.

20. Ms. Nwaibo briefly stepped away to print out the document.

21. During that time, Mr. Chirayath saw Ms. Nwaigbo at the printer adjacent to the Admissions Office and asked her to return to her station immediately.

22. When Ms. Nwaigbo tried to explain that she was printing a document for Ms. Reyes, Mr. Chirayath abruptly interrupted her and yelled at her to return to her station. Mr. Chirayath repeatedly shouted at Ms. Nwaigbo until she left.

23. On the morning of October 9, 2025, Mr. Chirayath gave a speech to the employees about the importance of clocking out during their lunch break. Prior to this, it had been a common practice for employees to stay clocked in if they took a break less than fifteen minutes.

24. Ms. Nwaigbo was not present at Mr. Chirayath's speech, and she did not have the same opportunity as other employees to comply with this new policy.

25. That same day, Mr. Chirayath directed Nicole LNU (Assistant Administrator – African American female) to suspend Ms. Nwaigbo for not clocking out during her lunch break.

26. However, Mr. Chirayath did not discipline or suspend Ms. Nwaigbo's Hispanic counterparts—Crystal Ortiz (Unit Manager), Sandra Mojica (Unit Manager), Yadira Suarez (Unit Manager), and Yuarka Hernandez (Staffing Coordinator)—who all stayed on the clock during their lunch breaks.

27. On October 10, 2025, Ms. Nwaigbo emailed Corporate HR to complain about her suspension and a hostile work environment created by Mr. Chirayath against her. However, HR failed to legitimately investigate Ms. Nwaigbo's complaints.

28. On October 16, 2025, R&H terminated Ms. Nwaigbo from her position and stated the pretext that she had been terminated for failing to clock out during her lunch break. The true reason for her termination was her race, color, and national origin, and her complaints thereof.

29. Ms. Nwaigbo has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
## VIOLATION OF TITLE VII FOR DISCRIMINATION RESULTING IN A HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE, COLOR, AND NATIONAL ORIGIN

30. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

31. Defendant is an "employer" within the meaning of Title VII.

32. Ms. Nwaigbo is an "employee" of Defendant within the meaning of Title VII.

33. Ms. Nwaigbo is a member of a protected class because of her race, color, and national origin, and therefore, is protected by Title VII.

34. Ms. Nwaigbo was qualified to perform her job duties.

35. Sree Chirayath (Indian male – Administrator) targeted and harassed Ms. Nwaigbo because of her race, color, and national origin.

36. Mr. Chirayath verbally abused, intimidated, and threatened Ms. Nwaigbo. At the request of Risk Manager Jean Reyes, Ms. Nwaigbo briefly left her workstation to print a document for a patient. Mr. Chirayath confronted Ms. Nwaigbo, repeatedly yelled at her, interrupted her attempts to explain that she was performing a work-related task, and continued shouting until she left the room.

37. The discriminatory conduct described herein was severe and pervasive and subjected Plaintiff to a work environment that was intimidating, hostile, and

offensive. This hostile work environment detrimentally interfered with Plaintiff's ability to perform her job duties.

38. Defendant's actions in subjecting Ms. Nwaigbo to a hostile work environment because of her race, color, and national origin were reckless, willful, and malicious.

39. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F. Punitive damages against Defendant;

G. Attorney's fees and costs; and

H. For such other relief as the Court deems just and equitable.

**COUNT II**
**VIOLATION OF TITLE VII**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION ON THE BASIS OF**
**RACE, COLOR, AND NATIONAL ORIGIN**

40. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

41. Defendant is an "employer" within the meaning of Title VII.

42. Ms. Nwaigbo is an "employee" of Defendant within the meaning of Title VII.

43. Ms. Nwaigbo is a member of a protected class because of her race, color, and national origin, and therefore, is protected by Title VII.

44. Ms. Nwaigbo was qualified to perform her job duties.

45. Defendant treated Ms. Nwaigbo less favorably than her Hispanic counterparts because it permitted her Hispanic counterparts to take their lunch breaks while remaining on the clock without reprimand.

46. On October 9, 2025, Defendant suspended Ms. Nwaigbo without pay because of her race, color, and national origin.

47. On October 16, 2025, Defendant terminated Ms. Nwaigbo from her position because of her race, color, and national origin.

48. Defendant's actions in suspending and terminating Ms. Nwaigbo because of her race, color, and national origin were reckless, willful, and malicious.

49. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F. Punitive damages against Defendant;

G. Attorney's fees and costs; and

H. For such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF TITLE VII
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY RESULTING IN ADVERSE EMPLOYMENT ACTION

50. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

51. Ms. Nwaigbo is a member of a protected class and protected by Title VII from discrimination based on her race, color, and national origin.

52. Ms. Nwaigbo engaged in a protected activity when she complained about discrimination based on her race, color, and national origin.

53. Defendant failed to conduct an adequate investigation regarding Ms. Nwaigbo's complaints.

54. Instead, Defendant retaliated against Ms. Nwaigbo for engaging in protected activity by suspending her without pay and terminating her after she complained about discrimination based on her race, color, and national origin.

55. Ms. Nwaigbo's protected activity was a but-for cause of her suspension, termination, and resulting injury.

56. Defendant acted with intent, malice and reckless disregard for Ms. Nwaigbo's protected rights when it suspended and terminated her because of her reports of discrimination based on her race, color, and national origin.

57. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and

damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court as provided in Title VII and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Attorney's fees and costs;

F. Punitive damages against Defendant;

G. Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant; and

H. For such other relief as the Court deems just and equitable.

**COUNT IV**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**A HOSTILE WORK ENVIRONMENT ON THE BASIS OF**
**RACE, COLOR, AND NATIONAL ORIGIN**

58. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

59. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race, color, and national origin.

60. Ms. Nwaigbo has satisfied all procedural and administrative requirements set forth in the FCRA.

61. Ms. Nwaigbo is a member of a protected class because of her race, color, and national origin, and therefore, is protected by the FCRA.

62. Ms. Nwaigbo was qualified to perform her job duties.

63. Mr. Chirayath verbally abused, intimidated, and threatened Ms. Nwaigbo. At the request of Risk Manager Jean Reyes, Ms. Nwaigbo briefly left her workstation to print a document for a patient. Mr. Chirayath confronted Ms. Nwaigbo, repeatedly yelled at her, interrupted her attempts to explain that she was performing a work-related task, and continued shouting until she left the room.

64. The discriminatory conduct described herein was severe and pervasive and subjected Plaintiff to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Plaintiff's ability to perform her job duties.

65. Defendant's actions in subjecting Ms. Nwaigbo to a hostile work environment because of her race, color, and national origin were reckless, willful, and malicious.

66. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F. Attorney's fees and costs; and

G. For such other relief as the Court deems just and equitable.

**COUNT V**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION ON THE BASIS OF**
**RACE, COLOR, AND NATIONAL ORIGIN**

67. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

68. Defendant is an "employer" within the meaning of the FCRA.

69. Ms. Nwaigbo is an "employee" of Defendant within the meaning of the FCRA.

70. Ms. Nwaigbo is a member of a protected class because of her race, color, and national origin, and therefore, is protected by the FCRA.

71. Ms. Nwaigbo was qualified to perform her job duties.

72. Defendant treated Ms. Nwaigbo less favorably than her Hispanic counterparts because it permitted her Hispanic counterparts to take their lunch breaks while remaining on the clock without reprimand.

73. On October 9, 2025, Defendant suspended Ms. Nwaigbo without pay because of her race, color, and national origin.

74. On October 16, 2025, Defendant terminated Ms. Nwaigbo from her position because of her race, color, and national origin.

75. Defendant's actions in suspending and terminating Ms. Nwaigbo because of her race, color, and national origin were reckless, willful, and malicious.

76. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

F. Attorney's fees and costs; and

G. For such other relief as the Court deems just and equitable.

**COUNT VI**
**VIOLATION OF THE FCRA**
**RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**
**BASED ON RACE, COLOR, AND NATIONAL ORIGIN**

77. Plaintiff, LAURA NWAIGBO, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-nine (29) as if set forth fully herein.

78. Ms. Nwaigbo is a member of a protected class and protected by the FCRA from discrimination based on her race, color, and national origin.

79. Defendant failed to conduct an adequate investigation regarding Ms. Nwaigbo's complaints.

80. Instead, Defendant retaliated against Ms. Nwaigbo for engaging in protected activity by suspending her without pay and terminating her after she complained about discrimination based on her race, color, and national origin.

81. Ms. Nwaigbo's protected activity was a but-for cause of her suspension, termination, and resulting injury.

82. Defendant acted with intent, malice and reckless disregard for Ms. Nwaigbo's protected rights when it suspended and terminated her because of her reports of discrimination based on her race, color, and national origin.

83. As a direct and proximate result of Defendant's acts, Ms. Nwaigbo has suffered mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Nwaigbo has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Nwaigbo respectfully invokes the remedial powers of this Court as provided in the FCRA and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Nwaigbo;

B. Back pay;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Attorney's fees and costs;

F. Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant; and

G. For such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of September, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*